# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEATT CORPORATION, a Nevada corporation; and EXCEED HOLDINGS (PTY) LTD., a South African company,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br>INNOVATIVE SAFETY TECHNOLOGY, LLC, a California limited liability company; KEVIN HEATH ENTERPRISES, INC., a California corporation; KEVIN HEATH, an individual; and E.V. TECHNOLOGY, a Chinese business entity,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09-CV-1301 - IEG (POR)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL<br><br>[Doc. No. 27] |

The law firm of Call & Jensen is currently representing all four Defendants in this action. It now moves to withdraw as counsel for Defendant Innovative Safety Technology, LLC ("Innovative"). For the reasons set forth below, the Court **GRANTS** the motion to withdraw and **ORDERS** Innovative to obtain new counsel **within three weeks** of the filing of this order.

## BACKGROUND

### I. Procedural history

This is an action alleging misappropriation of trade secrets, unfair competition, and tortious interference with prospective business relations. At issue is Plaintiffs' development of devices that

1  provide superior neck protection for the participants of motorsports, and Defendants' alleged
2  misappropriation of those trade secrets. Following the Court's order granting in part and denying in
3  part a motion to dismiss, Plaintiffs filed a First Amended Complaint ("FAC") on September 14, 2009.
4  Defendants subsequently answered the FAC on October 1, 2009.

**II.    Present motion**

Defense counsel now requests the Court's permission to withdraw as counsel for Defendant Innovative. According to defense counsel, good cause for withdrawal exists because Innovative has communicated its intent to neither participate in the present litigation nor pay for the defense of the present case. (Sugden Decl. ¶ 2.) Defense counsel also indicates that Innovative understands that, as a corporate entity, it does not have the right to appear *pro se* in federal court. (Id.) Moreover, defense counsel points out that no discovery has thus far taken place and no trial date has been set. (Id. ¶ 3.) Accordingly, defense counsel argues there is no prejudice to Innovative or to Plaintiffs.

Plaintiffs indicate they do not oppose the present motion. However, Plaintiffs believe that this withdrawal is merely Innovative's tactic to further delay the adjudication of their claims. Plaintiffs point out that Innovative has failed to appear or participate in any manner in any of the proceedings thus far, including failing to appear at the court-ordered ENE settlement conference. Moreover, Plaintiffs indicate that Innovative should already have had sufficient time to obtain new counsel, seeing as it has been about a month since the present motion was filed. Accordingly, Plaintiffs request: (1) that the Court require Innovative to obtain new counsel who shall make an appearance on behalf of Innovative by no later than February 15, 2010; and (2) that none of the current dates, including all hearings and pre-trial dates, be continued or delayed.

**DISCUSSION**

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Beard v. Shuttermart of Cal., Inc., No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citations omitted); see also Civ. L.R. 83.3(g)(3). In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the

administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Beard, 2008 WL 410694, at *2 (citations omitted).

In the present case, good cause for withdrawal exists. First, Innovative allegedly indicated that it will not pay for the costs of the defense. Failure to pay attorney's fees can be a valid ground for withdrawal. See Canandaigua Wine Co. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009); Cal. Rules of Professional Conduct Rule 3-700(C)(1)(f). Second, Innovative allegedly indicated that it will no longer participate in the litigation. Rule 3-700(C)(1)(d) of the California Rules of Professional Conduct allows withdrawal where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Refusal to participate in the litigation is undoubtedly one such example. Moreover, withdrawal in such situation would allow the case to proceed as to the other Defendants, and would thus avoid prejudice to other litigants and prevent delay in the resolution of the case. See Beard, 2008 WL 410694, at *2.

Granting the motion, however, would leave Innovative without counsel. "It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney." CE Res., Inc. v. Magellan Group, LLC, No. 2:08-cv-029990MCE0KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing In re Am. West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam)). Moreover, the Civil Local Rules for the Southern District of California provide that corporations may appear in court only through an attorney. See CIV. L.R. 83.3(k). While some courts have relied on this requirement to deny a motion to withdraw as counsel,[1] the Court believes such outcome would not be in everyone's best interest in this case. Accordingly, GOOD CAUSE appearing, the Court **GRANTS** the motion to withdraw, but also **ORDERS** that Innovative obtain a new attorney **within three weeks** of the filing of this order. This should not be prejudicial to Innovative seeing as it already had almost a month since the present motion was filed to obtain new counsel.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Carl & Jensen's motion to withdraw as counsel for Defendant Innovative and **ORDERS** Innovative to obtain new counsel **within three weeks** of the

---

[1] See, e.g., CE Res., 2009 WL 3367489, at *3 ("It would be an injustice to leave [the corporate defendant] in a judicial stalemate until a replacement attorney could be located.").

1 | filing of this order. The new counsel should make an appearance on behalf of Innovative by no later
2 | than **Tuesday, February 23, 2010**.

**IT IS SO ORDERED.**

DATED: February 2, 2010

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court